UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALINDA ALLEN,[1] | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:16-CV-607 (CEJ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss [Doc. #15], pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff has responded in opposition and the issues are fully briefed.

### I. **Background**

Plaintiff brings this action to recover damages resulting from the death of her husband, Kenneth Allen, Sr. In the complaint, plaintiff alleges that Allen died on May 8, 1996 after undergoing a thoracentesis procedure performed by Wendy Brown, M.D., a physician at the John Cochran V.A. Medical Center in St. Louis, Missouri. According to the complaint, plaintiff and her family were led to believe that Allen had died of natural causes. However, when plaintiff applied for V.A. benefits in December 2013, she learned that Allen's death was the result of Brown's negligence in performing the thoracentesis.

In August 2014, plaintiff submitted a Federal Tort Claims Act (FTCA) claim to the Department of Veteran Affairs. The claim was denied in February 2015.

---

[1] This action was initially brought by Kenneth L. Allen, Jr. After his death, Malinda Allen was substituted as the plaintiff.

Plaintiff submitted a request for reconsideration in May 2015 and received no response. The instant complaint was filed on April 29, 2016.

Defendant moves to dismiss the complaint for lack of subject-matter, arguing that the claim is time-barred by the Missouri statute of repose. Plaintiff argues that this action is governed by the FTCA—not Missouri law—with respect to the limitations period and equitable tolling.

## II. **Legal Standard**

Dismissal of an action for lack of subject-matter jurisdiction is mandated by the Federal Rules of Civil Procedure. Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990)). In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Id.*

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a

complaint's factual allegations."); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Scheuer*, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see id.* at 563 (stating that the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in *Twombly* applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III. <u>Discussion</u>

The FTCA, 28 U.S.C. § 2671, was enacted by Congress as "a limited waiver of the United States' sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir.2011) (en banc). "In relevant part, the FTCA's liability and jurisdiction-conferring language provides that federal district courts have 'exclusive jurisdiction' over claims against the United States for money damages for 'personal injury or death caused by the negligent or wrongful act or omission' of federal employees 'under certain circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674).

The FTCA provides that "[t]he United States shall be liable ... to tort claims, in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Thus, liability under the FTCA attaches only where state law would impose liability on a private individual in similar circumstances. *First Nat'l Bank in Brookings v. United States*, 829 F.2d 697, 700 (8th Cir. 1987). To this end, the law of the state in which the negligence arises—in this case, Missouri— "provides the source of substantive liability under the FTCA." *Sorace v. United States*, 788 F.3d 758, 763 (8th Cir. 2015); *Bagley v. United States*, ___ F. Supp. 3d ___, 2016 WL 6082023, at *2 (D. Neb. Oct. 18, 2016) (explaining that the FTCA's two-year statute of limitations for medical malpractice actions preempts a state's statute of limitations, which is procedural, but not a state statute of repose that is substantive).

Although state substantive law establishes and defines a claim under the FTCA, federal law defines the limitations period and determines when the claim accrues. *See Reilly v. United States*, 513 F.2d 147 (8th Cir. 1975); *see also Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991) (citing *Washington v. United States*, 769 F.2d 1436, 1437–38 (9th Cir. 1985)). The FTCA has a two-year limitations period, which, in medical malpractice actions, accrues when "the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice upon which the cause of action is based." *Reilly*, 513 F.2d at 148.

This dispute touches on a fundamental difference between statutes of limitation and statutes of repose. While a statute of limitation is a *procedural* defense to a legal claim, a statute of repose creates a *substantive* right to be free

from liability. *See Nesladek v. Ford Motor Co.*, 46 F.3d 734, 737 (8th Cir. 1995); *see also Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 355, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) (courts apply the state's statute of limitations only when "Congress has failed to provide a statute of limitations for [the] federal cause of action."). And, because the FTCA incorporates only state *substantive* law, leaving in place its own two-year *procedural* time limitation, the proper characterization of the Missouri statute is dispositive of the plaintiff's claim. *See Bagley*, at *2.

The Missouri statute at issue here is Mo. Rev. Stat. § 516.105(3), which provides, in pertinent part: "In no event shall any action for damages for malpractice, error, or mistake be commenced after the expiration of ten years from the date of the act of neglect complained of." Mo. Rev. Stat. § 516.105(3). Missouri courts construe the ten-year limit in § 516.105(3) as a substantive statute of repose. *See Ambers-Phillips v. SSM DePaul Health Ctr.*, 459 S.W. 3d 901, 910 (Mo. 2015). Although the Eighth Circuit has not yet decided whether Mo. Rev. Stat. § 516.105(3) operates as a jurisdictional bar to claims brought under the FTCA, other circuits have answered this question in the affirmative where the state involved construed its statute of repose as substantive law. *See, e.g., Augutis v. United States*, 732 F.3d 749, 754 (7th Cir. 2013) (holding that the Illinois four-year statute of repose was a substantive limit on liability and therefore barred the plaintiff's FTCA medical malpractice claim that was filed after the four-year period elapsed); *Smith v. United States*, 430 F. App'x 246, 246 (5th Cir. 2011) (same as to the Texas statute of repose); *Huddleston v. United States*, 485 F. App'x 744, 745 (6th Cir. 2012) ("Because federal law incorporates state substantive law for the

purposes of FTCA claims, applying Tennessee's statute of repose to FTCA plaintiffs does not run afoul of the Supremacy Clause."); *Simmons v. United States*, 421 F.3d 1199, 1201-02 (11th Cir. 2005) (same as to the Georgia statute of repose). Furthermore, a court within this district has held that § 516.105(3) operates as a jurisdictional bar to medical malpractice claims brought under the FTCA. *See Duval v. United States*, 4:15-cv-1508-AGF, Doc. #22 (November 16, 2016) (finding that Mo. Rev. Stat. § 516.105(3) is a substantive law and applies to medical malpractice claims brought under the FTCA). The Court agrees with the reasoning in these cases and finds that the Missouri ten-year statute of repose is a substantive law and applies to plaintiff's claims brought under the FTCA.

It is undisputed that plaintiff did not bring this action until more than ten years after the alleged malpractice. As such, plaintiff's FTCA claim is barred under Mo. Rev. Stat. § 516.105(3) and the Court lacks subject-matter jurisdiction.

\* \* \* \* \*

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #15] is **granted**.

**IT IS FURTHER ORDERED** that all other pending motions are **moot.**

An Order of Dismissal will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of April, 2017.